UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LINDA F., <br><br>                              Plaintiff, <br><br>       v. <br><br> ANDREW M. SAUL, <br> Commissioner of Social Security, <br><br>                              Defendant. | CASE NO. C20-5076-MAT <br><br> ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's applications for Supplemental Security Income (SSI) and child's insurance benefits after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REMANDED for further administrative proceedings.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1993.[1] She has a high school education and previously worked as a hospital cleaner. (AR 69.)

Plaintiff filed applications for SSI and child's insurance benefits in June and October 2017,

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

alleging disability beginning September 20, 2014. (AR 53.) The applications were denied at the initial level and on reconsideration.

On December 17, 2018, ALJ Rebecca L. Jones held a hearing, taking testimony from plaintiff and a vocational expert. (AR 117-55.) On January 25, 2019, the ALJ issued a decision finding plaintiff not disabled from the alleged onset date through the date of the decision. (AR 53-70.)

Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on November 25, 2019 (AR 1-4), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff's anterior wedging compression fracture of the T12 vertebra, major depressive disorder, and generalized anxiety disorder severe. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that plaintiff's impairments did not meet or equal the criteria of a listed impairment.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has

demonstrated an inability to perform past relevant work.  The ALJ found plaintiff able to perform simple, medium-exertion work with no public contact and occasional superficial coworker contact.  With that assessment, the ALJ found plaintiff unable to perform her past relevant work.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy.  With the assistance of a vocational expert, the ALJ found plaintiff capable of performing other jobs, such as work as a floor waxer or wall cleaner.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.").  Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in evaluating two medical opinions and her testimony.  She requests remand for further administrative proceedings.  The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

/ / /

/ / /

Medical Opinions

Examining Doctor Peter A. Weiss, Ph.D.

Although the parties disagree on the standard of review, neither contends the difference between the two standards would change the outcome of the Court's review.  Because plaintiff filed her applications after March 27, 2017, new regulations apply to the ALJ's evaluation of medical opinion evidence.  Under the regulations, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)[.]"  20 C.F.R. §§ 404.1520c(a), 416.920c(a).[2]  The ALJ must articulate and explain the persuasiveness of an opinion or prior finding based on "supportability" and "consistency," the two most important factors in the evaluation.  *Id*. at (a), (b)(1)-(2).  The "more relevant the objective medical evidence and supporting explanations presented" and the "more consistent" with evidence from other sources, the more persuasive a medical opinion or prior finding.  *Id*. at (c)(1)-(2).  The ALJ may but is not required to explain how other factors were considered, as appropriate, including relationship with the claimant (length, purpose, and extent of treatment relationship; frequency of examination); whether there is an examining relationship; specialization; and other factors, such as familiarity with other evidence in the claim file or understanding of the Social Security disability program's policies and evidentiary requirements.  *Id*. at (b)(2), (c)(3)-(5).  *But see id*. at (b)(3) (where finding two or more opinions/findings about same issue equally supported and consistent with the record, but not exactly the same, ALJ will articulate how other factors were considered).

---

[2] "A prior administrative medical finding is a finding, other than the ultimate determination about [disability], about a medical issue made by our Federal and State agency medical and psychological consultants at a prior level of review . . .  in [a] claim based on their review of the evidence in your case record[.]"  20 C.F.R. §§ 404.1513(a)(5), 416.913(a)(5).

The new regulations require the ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(a), (b), 416.920c(a), (b). At the least, this appears to necessitate that an ALJ specifically account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion. The Court must, moreover, continue to consider whether the ALJ's analysis has the support of substantial evidence. *See* 82 Fed. Reg. at 5852 ("Courts reviewing claims under our current rules have focused more on whether we sufficiently articulated the weight we gave treating source opinions, rather than on whether substantial evidence supports our final decision. . . . [T]hese courts, in reviewing final agency decisions, are reweighing evidence instead of applying the substantial evidence standard of review, which is intended to be highly deferential standard to us.").

Dr. Weiss examined plaintiff in April 2017 and filled out a Psychological/Psychiatric Evaluation form, diagnosing plaintiff with major depressive disorder and panic disorder. (AR 578-85.) He opined plaintiff was severely limited in, defined as "inability" to perform, maintaining punctual attendance and completing a normal work day and work week without interruption from psychologically based symptoms. (AR 579-80.) Dr. Weiss opined mild and moderate limitations in all other work-related areas on the form. (AR 580.) The ALJ found Dr. Weiss' opinions "somewhat persuasive," rejecting the severe limitations as inconsistent with his own and others' unremarkable mental status examination results and with plaintiff's activities. (AR 66.)

Results from Dr. Weiss' mental status examination were entirely normal except depressed mood, dysthymic affect, and significantly below-average abstract verbal reasoning. (AR 581-82, 584.) Other providers documented entirely normal mental status examination results. (*See* AR 604-05, 671, 685-86, 692, 699, 755.) The ALJ reasonably found that entirely or nearly entirely

ORDER
PAGE - 5

normal clinical findings contradicted such extreme opinions as the complete inability to attend any full-time job. The ALJ did not err by discounting Dr. Weiss' opinions based on conflict with the medical evidence. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (rejecting physician's opinion due to discrepancy or contradiction between opinion and the physician's own notes or observations is "a permissible determination within the ALJ's province."); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (not improper to reject an opinion presenting inconsistencies between the opinion and the medical record).

The ALJ also found Dr. Weiss' opinions inconsistent with plaintiff's ability "to maintain work activity on a part-time basis with some degree of success," but part-time work does not conflict with the opined inability to attend full-time work. (AR 66.) Inclusion of an erroneous reason is harmless, however. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (court may not reverse ALJ's decision based on harmless error). The Court concludes the ALJ did not err by discounting Dr. Weiss' opinions of severe limitations.

Plaintiff contends the ALJ erred by rejecting Dr. Weiss' moderate limitations without providing reasons. The Commissioner contends the ALJ did not reject them, but incorporated them into the RFC. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (ALJ need not provide reason for rejecting physician's opinions where ALJ incorporated opinions into RFC; ALJ incorporated opinions by assessing RFC limitations "entirely consistent" with limitations assessed by physician). Dr. Weiss opined plaintiff had moderate, defined as "significant," limitations in performing detailed tasks, learning new tasks, adapting to changes in routine, communicating and performing effectively, maintaining appropriate behavior, and planning realistically. (AR 580.) Accordingly, the ALJ limited plaintiff to simple, routine tasks, with no public contact and only occasional and superficial coworker contact without teamwork.

ORDER
PAGE - 6

(AR 58.) The ALJ's findings need only be consistent with, not identical to, limitations assessed by a physician. *See Turner*, 613 F.3d at 1222-23 (ALJ properly incorporated opinions by assessing RFC limitations "entirely consistent" with limitations assessed by physician). Plaintiff fails to show Dr. Weiss' opinions required any further limitation.

The Court concludes the ALJ did not harmfully err in analyzing Dr. Weiss' opinions.

<u>Leann Reed, MA, LMFT, LMHC</u>

Ms. Reed filled out a Reauthorization and Review form to continue "brief or maintenance" care for plaintiff's depression. (AR 630-31.) Plaintiff contends the ALJ erred by failing to address Ms. Reed's opinions that plaintiff is frequently disruptive or in trouble at work or school, frequently terminated from work or suspended/expelled from school, has major disruption of role functioning, requires structured or supervised work or school setting, has performance significantly below expectation for cognitive/developmental level, and is unable to work, attend school, or meet other developmentally appropriate responsibilities. (AR 630.) The Commissioner contends, under the new regulations, Ms. Reed may not be a medical source and her statements are not opinions but "'judgments about the nature and severity of [plaintiff's] impairments'. . . ." (Dkt. #17 at 14 (quoting 20 C.F.R. §§ 404.1513(a)(3), 416.913(a)(3)).)

A medical source is "an individual who is licensed as a healthcare worker by a State and working within the scope of practice permitted under State or Federal law. . . ." 20 C.F.R. §§ 404.1502(d), 416.902(i). Ms. Reed's credentials indicate she is a licensed marriage and family therapist and a licensed mental health counselor. (AR 631.) She appears to qualify as a healthcare worker licensed by the state and thus a medical source. The Commissioner offers no evidence to the contrary. The Commissioner's argument that Ms. Reed is not a medical source fails.

"A medical opinion is a statement from a medical source about what [a claimant] can still

ORDER
PAGE - 7

do despite [her] impairment(s) and whether [she] ha[s] one or more impairment-related limitations or restrictions in" the ability to perform the mental, physical, and other demands of work. 20 C.F.R. §§ 404.1513(a)(3), 416.913(a)(3). While some of Ms. Reed's statements may not qualify, at minimum her opinion that plaintiff "[r]equires structured or supervised work or school setting" is a limitation or restriction in plaintiff's ability to perform the demands of work. (AR 630.) "The ALJ must consider all medical opinion evidence." *Tommasetti*, 533 F.3d at 1041. *See also* 20 C.F.R. §§ 404.1520c(b), 416.920c(b) ("We will articulate in our determination or decision how persuasive we find all of the medical opinions"). The ALJ's failure to address Ms. Reed's opinion is not harmless error. The vocational expert testified a person who "needed special supervision" could not sustain competitive employment. (AR 151.)

The Court concludes the ALJ harmfully erred by failing to address Ms. Reed's opinion.

<u>Symptom Testimony</u>

Absent evidence of malingering, an ALJ must provide specific, clear, and convincing reasons to reject a claimant's subjective symptom testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). In considering the intensity, persistence, and limiting effects of a claimant's symptoms, the ALJ "examine[s] the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." Social Security Ruling (SSR) 16-3p.[3]

---

[3] Effective March 28, 2016, the Social Security Administration (SSA) eliminated the term "credibility" from its policy and clarified the evaluation of a claimant's subjective symptoms is not an

The ALJ discounted plaintiff's testimony of difficulty being around people and memory difficulty based on inconsistent statements, conflict with her activities, and improvement with treatment.[4]  (AR 60.)

In April 2016 plaintiff told her therapist she had graduated from long-haul trucking school and was "applying for jobs and . . . excited about working." (AR 604.)  The ALJ properly considered evidence of plaintiff's attempts to find employment. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1221, 1227 (9th Cir. 2009); *see also Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996) (ALJ properly considered unsuccessful attempts to find employment).  Plaintiff argues the evidence does not prove she could successfully work and "it is not reasonable to reject a disability claimant's testimony because they are attempting to find work." (Dkt. #18 at 9.) Contrary to plaintiff's assertion, under Ninth Circuit precedent holding oneself out as available for full-time work is "inconsistent with disability allegations." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161-62 (9th Cir. 2008).  The ALJ did not err by discounting plaintiff's claims of disabling limitations on the grounds that she held herself out as able to work full-time as a truck driver.

The ALJ discounted plaintiff's testimony of difficulty being around people because plaintiff told her therapist she attended a concert. (AR 635.)  Plaintiff argues the concert was difficult for her.  She testified she "barely tolerated" it. (AR 144.)  However, as the ALJ noted, plaintiff did not report any difficulty to her therapist. On the contrary, plaintiff reported the concert was "something to look forward t[o]." (AR 635.)  The ALJ did not err by discounting plaintiff's

---

examination of character. SSR 16-3p.  The Court continues to cite to relevant case law utilizing the term credibility.

[4] The ALJ also discounted plaintiff's physical symptom testimony based on effective control with treatment and inconsistency with the medical evidence, but plaintiff does not challenge this analysis. (AR 59-61.)

ORDER
PAGE - 9

testimony based on conflict with her activities. *See Bray*, 554 F.3d at 1227 ("In reaching a credibility determination, an ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors.").

Even if the ALJ's remaining reasons were erroneous, any error is harmless. *See Carmickle*, 533 F.3d at 1162-63 (where the ALJ provides specific reasons supporting an assessment and substantial evidence supports the conclusion, an error in the assessment may be deemed harmless).

The Court concludes the ALJ did not err by discounting plaintiff's testimony.

## **CONCLUSION**

For the reasons set forth above, this matter is REMANDED for further administrative proceedings.

DATED this 6th day of November, 2020.

Mary Alice Theiler
United States Magistrate Judge